**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 09 C 46-2** |
| **v.** | ) | |
| | ) | **Hon. George W. Lindberg** |
| **EDGARDO LOPEZ - ARROYO,** | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant Edgardo Lopez-Arroyo's motion to reconsider and motion to dismiss the criminal indictment pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. For the reasons set forth more fully below, the motion is denied in its entirety and the ruling in docket entry 45 is vacated.

*I. Relevant Facts*

On January 28, 2009, the government filed a criminal complaint in the Northern District of Illinois against Mr. Lopez-Arroyo and a co-defendant, Individual A. The complaint was filed in case number 09 CR 68 and assigned to Magistrate Judge Denlow. The government charged both individuals with conspiring with each other and a third individual, Reynaldo Colon-Laboy, to possess with intent to distribute five kilograms or more of cocaine in violation of Title 21, United States Code ("U.S.C."), Section 846.

Mr. Arroyo was arrested in Puerto Rico on January 29, 2009 pursuant to an arrest warrant issued in connection with case number 09 C 68. According to the government, on February 4, 2009, Mr. Lopez-Arroyo appeared before a federal magistrate judge in Puerto Rico. The magistrate judge ordered Mr. Lopez-Arroyo removed to the Northern District of Illinois to

answer the charges in the complaint filed in case number 09 CR 68. The government represents

that the proceedings in Puerto Rico are sealed and has not provided this Court with a transcript

from the February 4, 2009 hearing, or any other documentation related to the proceedings in

Puerto Rico.

On February 25, 2009, the government filed an *ex parte* motion for an extension of time

to return an indictment against Mr. Lopez-Arroyo in 09 CR 68 and noticed the motion before

Chief Judge Holderman. The proceedings in case number 09 CR 68 are also under seal, so this

Court does not have access to them and the government has not provided us with copies of any of

the filings or orders issued in that case. According to the government, Chief Judge Holderman

granted the motion the same day it was filed and extended the time for returning an indictment

against Mr. Lopez-Arroyo until March 30, 2009.

After the government secured the extension of the time, the grand jury returned a two

count indictment on March 25, 2009 against Mr. Lopez-Arroyo and Reynaldo Colon-Laboy, his

co-defendant in this case (09 CR 46). The indictment charged Mr. Lopez-Arroyo and Mr. Colon-

Laboy with conspiracy to possess with intent to distribute five kilograms or more of cocaine, and

attempting to possess five kilograms or more of cocaine with intent to distribute.

Mr. Lopez-Arroyo was not transferred from Puerto Rico to the Northern District of

Illinois until sometime in mid-November 2009. The government's only explanation for the more

than nine month delay in removing him to this district is "a clerical error by the United States

Marshals Service." Shortly after he arrived in this district, Mr. Lopez-Arroyo was arraigned

before Magistrate Judge Ashman on November 18, 2009 and first appeared before this Court on

December 16, 2009.

## II.  Legal Analysis

### A.  Motion to Reconsider

In the instant motion, Mr. Lopez-Arroyo asks this Court to reconsider Chief Judge Holderman's order granting the government an extension until March 30, 2009 to return an indictment.  Such a request is not properly before this Court.  Any request to reconsider the February 25, 2009 order must be made to Chief Judge Holderman.  The disputed February 25, 2009 order related to grand jury proceedings, which are strictly within the purview of the Chief Judge.  *See* N.D. ILL. L. CRIM. R. 6.1 ("All matters pertaining to grand juries shall be heard by the chief judge or his or her designee.").  Accordingly, the motion to reconsider is denied.

### B.  Motion to Dismiss

Mr. Lopez-Arroyo seeks to dismiss the indictment for two alleged violations of the Speedy Trial Act.  First, Mr. Lopez-Arroyo argues that he was not indicted within 30 days of his arrest in violation of 18 U.S.C. § 3161(b).  Section 3161(b) provides that an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . ."  However, Section 3161(h) allows for certain periods of delay to be "excluded in computing the time within which an information or indictment must be filed."  One allowable reason for excluding time is a finding by a judge that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  According to the government, Chief Judge Holderman made such a finding in his February 25, 2009 order and properly excluded the time between February 25, 2009 and March 30, 2009 pursuant to Section 3161(h)(7)(A).

The grand jury returned an indictment against Mr. Lopez-Arroyo on March 25, 2009. The government did not violate Section 3161(b) because less than thirty non-excluded days elapsed between Mr. Lopez-Arroyo's January 29, 2009 arrest and March 25, 2009 indictment. Accordingly, the motion to dismiss is denied as to this claim.

Second, Mr. Lopez-Arroyo argues that more than 70 non-excludable days have elapsed since the date of his indictment without a trial in violation of 18 U.S.C. § 3161(c)(1). Section 3161(c)(1) states that "the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy dates from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). In this case, the 70-day Speedy Trial Act "clock" does not start running until the date of the defendant's arraignment in the Northern District of Illinois, the district where the charges are pending. *United States v. Larson*, 417 F.3d 741, 744 (7th Cir. 2005); *United States v. Ward*, 211 F.3d 356, 360 (7th Cir. 2000).

Judge Ashman arraigned Mr. Lopez-Arroyo in this district on November 18, 2009 and, for purposes of the Speedy Trial Act, no time has elapsed on the Speedy Trial clock. Judge Ashman excluded all time between November 18, 2009 and December 30, 2009 pursuant to 18 U.S.C. § 3161(h)(1)(D). This Court excluded all time between December 16, 2009 and March 10, 2010 pursuant to 18 U.S.C. § 3161(h)(1)(D). Therefore there is no violation of 18 U.S.C. § 3161(c)(1).

Mr. Lopez-Arroyo's argument that the Court should "deem" him arraigned in the Northern District of Illinois as of February 14, 2009 is contrary to controlling case law. *See*

*Ward*, 211 F.3d at 356. Citing to 18 U.S.C. § 3161(h)(1)(F), Mr. Lopez-Arroyo argues that he should be deemed arraigned in this district 10 days after his February 4, 2009 removal hearing in Puerto Rico because "any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable." However, as the Seventh Circuit noted in *Ward*, the time period between when a defendant is charged in a district and arraigned in that district is "outside of the Speedy Trial Act." This Court cannot and will not "deem" Mr. Lopez-Arroyo arraigned on any date other than November 18, 2009. For these reasons, the motion to dismiss is denied.

### III. Conclusion

Although Mr. Lopez-Arroyo has not established a violation of the Speedy Trial Act, the Court is troubled by the more than nine month delay in transporting him from Puerto Rico to this district. The Court is also troubled by the government's either inability or unwillingness to provide a satisfactory explanation for that delay and its failure to provide documentation for assertions in its untimely response to defendant's motion to dismiss. Blaming the delay on "a clerical error by the United States Marshals Service" is not sufficient. The Court urges defense counsel to consider whether a motion to dismiss based on a violation of the defendant's Sixth Amendment right to a speedy trial would be appropriate in this case. Any such motion should be filed by March 16, 2010.

**ORDERED:**  Edgardo Lopez-Arroyo's motion to reconsider and motion to dismiss [44] is

denied.  The ruling in docket entry [45] is vacated.  Any motion to dismiss based on a violation

of Mr. Lopez-Arroyo's Sixth Amendment right to a speedy trial must be filed by March 16, 2010.


E N T E R:

_____
George W. Lindberg
SENIOR U.S. DISTRICT JUDGE


DATED:   February 26, 2010