# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 CR 46-2 | **DATE** | 2/9/2011 |
| **CASE TITLE** | USA vs. Edgardo Lopez-Arroyo | | |

**DOCKET ENTRY TEXT**

Edgardo Lopez-Arroyo's objections to Magistrate Judge Ashman's report and recommendation [91] are overruled. The Court is in agreement with the reasoning and findings in Judge Ashman's report and recommendation [89]. Therefore, the report and recommendation is adopted and defendant's motion to dismiss [55] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Before the Court are defendant Edgardo Lopez-Arroyo's ("Lopez-Arroyo") objections to Magistrate Judge Ashman's recommendation that this Court deny Lopez-Arroyo's motion to dismiss the criminal indictment against him. For the reasons set forth more fully below, the objections are overruled. The Court adopts Judge Ashman's report and recommendation and denies Lopez-Arroyo's motion to dismiss.

Judge Ashman recommended that this Court deny Lopez-Arroyo's motion to dismiss the criminal indictment for a violation of his right to a speedy trial under the Sixth Amendment. As the parties are aware, the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. AMEND. VI. In reviewing a defendant's Sixth Amendment speedy trial challenge, courts inquire into whether: (1) the delay was uncommonly long; (2) the government or the defendant was more to blame for the delay; (3) the defendant asserted his right to a speedy trial in due course; and (4) the defendant suffered prejudice as a result of the delay. *United States v. Gearhart*, 576 F.3d 459, 463 (7th Cir. 2009).

Without objection from the parties, Judge Ashman found that the first two factors in the speedy trial analysis, the length and responsibility for the delay, weighed in favor of Lopez-Arroyo and against the government. Judge Ashman found that the remaining two factors, defendant's timely assertion of his right and prejudice, favored the government. Ultimately, Judge Ashman concluded and this Court agrees, that the

# STATEMENT

motion to dismiss should be denied because Lopez-Arroyo did not timely assert his right to a speedy trial and was not prejudiced by the delay in bringing his case to trial.

Lopez-Arroyo's two objections to the report and recommendation relate to the third and fourth factors in the analysis. In considering the objections, the Court conducts a *de novo* review of Judge Ashman's report and recommendation. *United States v. Severson*, 49 F.3d 268, 273 (7th Cir. 1995). First, Lopez-Arroyo claims that the magistrate erred in finding that he failed to timely assert his right to a speedy trial. Second, Lopez-Arroyo objects to the finding that no evidence supported his contention that his lengthy confinement allowed his co-defendant to win the plea bargaining race with the government.

Lopez-Arroyo's objection to Judge Ashman's findings related to the third factor, whether he asserted his right to a speedy trial, is three-pronged. Lopez-Arroyo argues that the record contradicts Judge Ashman's finding that Lopez-Arroyo did not raise the speedy trial issue with attorney Castro-Lang. He also argues that the magistrate erred in finding that he did not attempt to assert his speedy trial right until August 2009 at the earliest. Lopez-Arroyo contends that he attempted to assert his speedy trial right as early as May 2009. Finally, he objects to the finding that there was insufficient evidence that he timely asserted his speedy trial right.

After carefully reviewing Judge Ashman's ruling, the parties' briefing, and the transcript of the evidentiary hearing, this Court finds that there is more than enough evidence to support the finding that Lopez-Arroyo did not timely assert his speedy trial right and that the third factor in the analysis favors the government. Judge Ashman correctly concluded that August 2009 was the earliest possible date Lopez-Arroyo attempted to assert his speedy trial right. Lopez-Arroyo's contention that he asserted that right in May 2009 misstates the evidence in the record. Lopez-Arroyo testified that he did not complain about the length of his detention or delay in his trial during his May 2009 conversation with Ms. Batista. *Tr.* at 93. The first possible time he raised an objection to the length of his detention and/or delay in bringing his case to trial was August 2009.

Next, the stipulation that Lopez-Arroyo retained attorney Castro-Lang to challenge the delay in transferring him from Puerto Rico to the Northern District of Illinois does not contradict Judge Ashman's finding that Lopez-Arroyo failed to raise the trial delay issue with Castro-Lang. The transportation delay and trial delay are not necessarily synonymous issues. Further, even if Lopez-Arroyo raised the trial delay with attorney Castro-Lang in September 2009, it would not have been timely for purposes of a speedy trial violation. *See United States v. White*, 443 F.3d 582, 590-91 (7th Cir. 2006).

Lopez-Arroyo's second objection relates to Judge Ashman's prejudice analysis. Specifically, Lopez-

## STATEMENT

Arroyo argues that Judge Ashman's finding that "no evidence" supported his prejudice claim is inaccurate. This Court disagrees. In support of his objection, Lopez-Arroyo cites to his testimony that he voluntarily made a statement to law enforcement officers, offered to record telephone conversations, and planned to continue to cooperate with the investigation, but his lengthy detention in Puerto Rico prejudiced him and allowed his co-defendant to win the plea bargaining race. The co-defendant in this case had the plea bargaining advantage from the beginning. The co-defendant was arrested, proffered, and indicated that he would testify against Lopez-Arroyo two weeks before Lopez-Arroyo was even arrested. Thus, it was completely reasonable for Judge Ashman to conclude that Lopez-Arroyo's detention is Puerto Rico did not prejudice him in the plea bargaining race with his co-defendant. Accordingly, Lopez-Arroyo's objection to Judge Ashman's prejudice analysis is overruled.

For these reasons, defendant's objections are overruled and the Court adopts the report and recommendation. The motion to dismiss is denied. It is so ordered.